

# NUMBER 13-25-00436-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JESUS R. SALAZAR,                                                            Appellant,

v.

THE STATE OF TEXAS,                                                          Appellee.

## ON APPEAL FROM THE 117TH DISTRICT COURT
## OF NUECES COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices Cron and Fonseca**
**Memorandum Opinion by Justice Fonseca**

This cause is before the Court on its own motion. On June 11, 2025, the trial court issued a judgment of conviction in cause number 24FC-4327-B. On September 3, 2025, appellant filed a pro se notice of appeal, dated August 25, 2025. On September 3, 2025, the Clerk of the Court notified appellant that it appeared the appeal has not been timely perfected. Appellant was further notified that if the defect was not cured within ten days

from the date of the notice, the appeal would be dismissed. On September 9, 2025, the trial court issued an order granting appellant's counsel's motion to withdraw and appointed new counsel. On September 10, 2025, the Clerk of the Court notified newly appointed counsel that it appears the appeal had not been timely perfected. Appellant's newly appointed counsel was also notified that if the defect was not cured within ten days from the date of the letter the appeal would be dismissed.

This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Absent a timely filed notice of appeal, a court of appeals does not have jurisdiction to address the merits of the appeal and can take no action other than to dismiss the appeal for want of jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

Unless a motion for new trial is timely filed, a notice of appeal must be filed within thirty days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order. TEX. R. APP. P. 26.2(a)(1). Where a timely motion for new trial is filed, the notice of appeal must be filed within ninety days after the day sentence is imposed or suspended in open court. *See id.* 26.2(a)(2). Upon review of the documents before us, it does not appear a motion for new trial was filed. Accordingly, we are of the opinion that the notice of appeal was untimely.

The Court, having examined and fully considered the documents on file and appellant's failure to timely perfect his appeal, is of the opinion that the appeal should be dismissed for want of jurisdiction. Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is beyond the jurisdiction of this Court.

2

*See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a); *see also Ex parte Garcia*, 988 S.W.2d

240 (Tex. Crim. App. 1999). The appeal is hereby dismissed for want of jurisdiction.

YSMAEL D. FONSECA<br>
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
16th day of October, 2025.